UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                                          <u>DECISION AND ORDER</u>

                                                                                          05-CR-6108L

                            v.

JOEY HEMINGWAY,

                                        Defendant.
_____

       This Court referred all pretrial motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Hemingway stands charged in a multi-count indictment with narcotics and firearms offenses. One of the charges, a conspiracy count, alleges activity from January 2000 to March 2006.

       During the time span of that conspiracy, the Government advised of its intent to introduce evidence relating to the arrest of Hemingway in Rochester, New York on April 12, 2004. Hemingway moved to suppress evidence obtained as a result of his encounter with the Rochester Police Department ("RPD") on the grounds that the search occurred in violation of his Fourth Amendment rights.

       Magistrate Judge Payson held a suppression hearing over two days and three witnesses testified, RPD Officers Scott Ferro and Paul Romano, and the defendant.

On June 20, 2007, Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. # 124), and it was her recommendation that the motion to suppress evidence seized on April 12, 2004, be denied. Hemingway duly filed objections (Dkt. # 126) to Magistrate Judge Payson's Report and Recommendation.

I have reviewed Magistrate Judge Payson's Report and Recommendation, Hemingway's objections and the transcripts of the two-day suppression hearing has also been prepared for my review. I accept Magistrate Judge Payson's Report and Recommendation and adopt it and agree with her conclusion that the motion to suppress be denied.

Magistrate Judge Payson set out a summary of the relevant facts in the Report and Recommendation, which are, for the most part, not disputed. The initial confrontation between Hemingway and the officers occurred while Hemingway was sitting on the driver's side of an automobile parked on Lewis Street, a high crime area. The officers approached Hemingway's vehicle after they had observed an unknown male walk hurriedly away from that vehicle when he observed the arrival of the police. The officers suspected that a drug transaction had just taken place at Hemingway's vehicle.

I find nothing untoward in the officers conversing with Hemingway as he sat in his vehicle. I agree with Magistrate Judge Payson that at this point no seizure had occurred.

As Officer Romano was asking Hemingway for identification and an explanation of his activities, he heard fellow officer Ferro state that he had recovered several bags containing cocaine from the male who had just scurried from Hemingway's vehicle. At that point, Hemingway was ordered out of the vehicle. Hemingway denied having any weapons or drugs and told the officer to

"check" him if he wished. The officer then did search Hemingway and found two packages of cocaine in his pants pocket. Hemingway contends that this seizure was impermissible. I disagree.

I find that Officer Romano's decision to talk to Hemingway in his vehicle was not a seizure and does not implicate the Fourth Amendment. Mere conversation between an officer and a citizen does not automatically constitute a seizure or restraint just because one of the parties is a law enforcement officer.

Based on the facts known to Officer Romano and cohorts, the perceived activity at the side window of Hemingway's vehicle was certainly suspicious and warranted further investigation. As is often the case, further facts surfaced after the initial confrontation. The police officers quickly learned an important additional fact -- the discovery of a quantity of cocaine from the person who had just left Hemingway's vehicle. That fact, taken together with the other information, certainly provided the officers with a reasonable suspicion that unlawful drug activity had just occurred. With that specific information, the officers were justified in detaining Hemingway and ordering him out of the vehicle for further inquiry and investigation.

At this point, Magistrate Judge Payson credited the officers' testimony that Hemingway consented to a search of his person by denying that he had drugs and inviting the officers to "check" him. I believe, as did Magistrate Judge Payson, that that response by Hemingway was sufficient to establish his consent to the search of his person.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. # 124) filed June 20, 2007.

Defendant Joey Hemingway's motion to suppress evidence seized on April 12, 2004 (Dkt. # 88), is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 1, 2007.